Willie FORD, Appellant

v.

**SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY ("SEPTA").**

No. 09–2975.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) March 10, 2010.

Opinion Filed March 26, 2010.

Willie Ford, Philadelphia, PA, pro se.

R. Michael Carr, Esq., Lehigh Valley, PA, for Southeastern Pennsylvania Transportation Authority.

Before: McKEE, FUENTES and NYGAARD, Circuit Judges.

OPINION

PER CURIAM.

Willie Ford appeals pro se from the District Court's order granting defendant's motion to dismiss. For the reasons that follow, we will affirm.

In April 2008, Ford filed a pro se complaint under 42 U.S.C. § 1981 against his employer SEPTA for race discrimination. Specifically, Ford alleges that on September 12, 2005, SEPTA wrongfully fired him for taking a break when similarly situated White employees were permitted to take a break without being disciplined.

SEPTA filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) alleging that there is no private right of action under § 1981 for violations by a state actor. The District Court granted the motion to dismiss by relying on *McGovern v. City of Philadelphia,* 554 F.3d 114 (3d Cir.2009), which provides that 42 U.S.C. § 1983 is the sole remedy for civil rights violations by state actors. The court also denied Ford the opportunity to amend his pleading to include a § 1983 claim because the additional claim would be time-barred under § 1983's two-year statute of limitations.

■■■■ Ford timely appealed. We have appellate jurisdiction to review the judgment and our review is plenary. *See* 28 U.S.C. § 1291; *Miller v. Fortis Benefits Ins. Co.,* 475 F.3d 516, 519 (3d Cir.2007). Dismissal is proper if a party fails to allege sufficient factual matter, which if accepted as true, could "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* —— U.S. ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Dismissal of a case without leave to amend is proper when amendment would be futile. *Gray-*

*son v. Mayview State Hosp.,* 293 F.3d 103, 106 (3d Cir.2002).

■■■■ No private right of action lies against a state actor under § 1981. *McGovern,* 554 F.3d at 121; *see also Jett v. Dallas Indep. Sch. Dist.,* 491 U.S. 701, 731, 733, 109 S.Ct. 2702, 105 L.Ed.2d 598 (1989) (§ 1981 does not itself provide a remedy against state actors). The exclusive remedy for relief from a state agency for civil rights violations, including race discrimination, is § 1983. *McGovern,* 554 F.3d at 121. We have previously found that SEPTA is a state actor. *See e.g., Dykes v. Se. Pa. Trans. Auth.,* 68 F.3d 1564 (3d Cir. 1995). Accordingly, both *McGovern* and *Jett* compel us to conclude that Ford's complaint is without any viable legal basis. Although Ford also argues that *McGovern* was not decided at the time he filed his complaint, *Jett* has stood for the same principle since 1989. Therefore, the District Court's dismissal was proper as Ford cannot state a claim of relief under § 1981 against SEPTA.

■■■■ Furthermore, Ford's claim arose on the date of his termination: September 12, 2005. Thus, any amendment to his complaint would have been futile, as Ford filed his suit in April 2008, and any additional claims would be time-barred under § 1983's two-year statute of limitations. *See Kach v. Hose,* 589 F.3d 626, 634 (3d Cir.2009). We note that Ford argues to this Court that his claim did not arise until July 2006, when his case was denied after arbitration. Even if we could consider this argument, which he raised for the first time on appeal, it is without merit. Ford knew of his injury—his termination—in September 2005, which is when the statute of limitations began to run. *See id.* (citing *Sameric Corp. v. City of Philadelphia,* 142 F.3d 582, 599 (3d Cir.1998)). Accordingly,

we will affirm the District Court's dismissal.